# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Howard Cohan,

        Plaintiff,      Case No. 19-11891

v.      Judith E. Levy
     United States District Judge

PHF II Southfield LLC,

     Mag. Judge David R. Grand

        Defendant.

_____/

## OPINION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR DEFAULT JUDGMENT [10]

Plaintiff Howard Cohan filed the complaint in this matter on June 25, 2019. (ECF No. 1.) Defendant was served on August 5, 2019 (ECF No. 3), and its answer was due August 26, 2019. Fed. R. Civ. Pro. 12(a)(1)(A)(i). To date, Defendant has not filed an answer or otherwise appeared. Plaintiff obtained a clerk's entry of default on September 26, 2019. (ECF No. 8.) On October 31, 2019, Plaintiff filed a motion for entry of default judgment, seeking a default and permanent injunction under Federal Rule of Civil Procedure 55. (ECF No. 10.)

## I. Background

This is an Americans with Disabilities Act ("ADA") claim against Defendant's hotel. Plaintiff states that he is a resident of Florida. He alleges that he travels to Michigan several times each year to visit friends and to shop. He prefers staying in the Novi area, and most recently visited Michigan in May 2019 with intent to return in September 2019. He alleges that Defendant owns or operates the Westin Southfield Detroit hotel.

Plaintiff states that he has spine, leg, shoulder, knee, and thumb issues. Plaintiff visits hotels before staying in them to determine whether they will be accessible to him. He describes himself as a tester who inspects facilities for accessibility in order to advance the purposes of the ADA.

Plaintiff alleges that he visited Defendant's hotel on October 19, 2018, and on May 22, 2019, and he encountered barriers to accessibility. He also alleges that he is a customer of Defendant's hotel brand and would return in September 2019 if Defendant modifies its facility to remove the barriers he encountered.

2

However, Plaintiff introduces his second count by referencing "SpringHill Suites by Marriott Detroit Southfield." (ECF No. 1, PageID.5.) He refers to the "Facility," which he previously defined as Defendant's hotel before he lists the barriers he encountered. Yet, it is not clear whether the list of barriers in the complaint actually relate to Defendant's Westin Southfield or to SpringHill Suites.

Plaintiff lists approximately eighteen specific barriers that he encountered at SpringHill Suites or Defendant's hotel in the loading zone, lobby men's restroom, meeting level men's restroom, and the pool level men's locker room restroom. As to each of these barriers, Plaintiff states that they cause him difficulty in safely using each element of the facility because of his impairments.

## II. Legal Standard

Under Federal Rule of Civil Procedure 55(a), after a clerks entry of default has been entered against a defendant, that defendant is deemed to have admitted all well-pleaded allegations related to liability. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110–11 (6th Cir. 1995). Plaintiff must apply to the Court for entry of a default judgment. Fed. R. Civ. P. 55(b)(2). Federal Rule of Civil Procedure 55(b)(2) states that when entering a

default judgment, the Court "may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." The decision whether to grant a default judgment is in the sound discretion of the Court. *Antoine*, 66 F.3d at 108. The Court is compelled under Rule 55(b) to undertake a thorough analysis before awarding damages. *Id*. "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 Fed. App'x 351, 355 (6th Cir. 2009).

**IV. Analysis**

In general, Rule 55(b) contemplates an award of damages in default judgment cases. But in this case, Plaintiff seeks injunctive and declaratory relief, as well as an award of attorney fees and costs. With respect to his request for injunctive and declaratory relief, Plaintiff correctly notes that Title III of the ADA, under which he brought his

4

complaint as a private citizen, only authorizes injunctive relief and not money damages. *See* 42 U.S.C. § 12188(a).

An injunction is an extraordinary remedy. A court acting in equity exercises its discretion with care. *United States v. Aiken*, 867 F.2d 965 (6th Cir. 1989) suggests that the Court has authority to exercise its discretion to enter injunctive relief as a remedy for default judgment where warranted.

However, as set forth above, the Court must accept only well-pleaded allegations in the complaint on a motion for default judgment. *Antoine*, 66 F.3d at 110–11. Plaintiff's complaint seeks injunctive relief citing the barriers he encountered, but it is unclear whether he encountered them at SpringHill Suites by Marriott Detroit Southfield or at Defendant's hotel. SpringHill Suites is not a defendant in this case, rather, PHF II Southfield LLC is the Defendant. Plaintiff has only alleged that Defendant owns or operates the Westin Southfield Detroit hotel, and is silent regarding Defendant's relationship to SpringHill Suites. The Court can only presume that Plaintiff either named the wrong defendant, made a typographical error, or failed to include an allegation regarding Defendant's relationship to SpringHill Suites.

5

Regardless, the Court cannot in its discretion award the injunctive remedy Plaintiff seeks when it appears that the barriers Plaintiff encountered were at SpringHill Suites. Accordingly, Plaintiff's motion is denied.

However, Plaintiff will be permitted to amend his complaint, if he so wishes, no later than Friday January 10, 2019. Any such complaint must be filed and served on Defendant. Otherwise, a judgment will be entered closing this case.

## V. Conclusion

For the reasons set forth above, Plaintiff's motion for default judgment is denied without prejudice. (ECF No. 10.)

IT IS SO ORDERED.

Dated: December 10, 2019　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, December 10, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

s/William Barkholz

Case Manager